UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ARTHUR SUMERLIN, III, ) | |
| # 498164, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:17-cv-459 |
| v. ) | |
| ) | Honorable Paul L. Maloney |
| KEITH PAPENDICK, M.D., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff alleges that Keith Papendick, M.D., violated his Eighth Amendment rights by refusing to approve right bicep surgery. Plaintiff seeks damages, declaratory relief, and an injunction compelling Dr. Papendick to approve the surgery. (ECF No. 25, PageID.243).

The matter is now before the Court on defendant's motion for summary judgment. (ECF No. 28). Plaintiff opposes defendant's motion. (ECF No. 29, 30). For the reasons set forth herein, I recommend that the Court grant defendant's motion for summary judgment and enter a judgment in his favor on all plaintiff's claims.

## **Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party

may not rest on the mere allegations of his pleadings.  *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012).   The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' "  *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

## Proposed Findings of Fact

The following facts are beyond genuine issue.   Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC).   Keith Papendick, M.D., is a physician licensed in the State of Michigan.   He was the Utilization Management Outpatient Medical Director during the period at issue.   Dr. Papendick is not involved in the day-to-day care of inmates.   His involvement in patient care includes evaluating requests for medical services and consultations that cannot be provided onsite at Michigan's correctional facilities.   (Papendick Aff. ¶¶ 1-3, ECF No. 28-1, PageID.295-96).

In making recommendations, Dr. Papendick reviews the medical provider's consultation request and the patient's relevant medical records.   Based on his review of the patient's medical presentation and in the exercise of informed medical judgment, he makes recommendations regarding the appropriate course of medical

treatment, which may be approving the treatment requested, requesting additional information, or recommending an alternative treatment plan. If a provider disagrees with Dr. Papendick's recommendation, there is an appeals process involving further discussion with Dr. Papendick, the Regional Medical Director, and the State Medical Director. If a provider is still dissatisfied, he or she can discuss further treatment options with the MDOC. (*Id.* at ¶¶ 4, 5, PageID.296).

On August 20, 2016, plaintiff injured his right bicep while performing bench curls. (Plf. Aff. ¶ 1, ECF No. 30, PageID.307). Plaintiff described his pain as aching and sharp, and his pain was aggravated by movement. A nurse contacted Physician's Assistant Barbara Bien. Plaintiff was instructed to rest, and he was provided with a sling, pain medication, and ice. (ECF No. 12-2, PageID.94-98; Papendick Aff. ¶¶ 6-7, PageID.296). Physician's Assistant Bien examined plaintiff on August 22, 2016, and diagnosed plaintiff as having a right bicep tendon rupture. She ordered a short-term prescription for Ultram and continued plaintiff's medical detail for ice and rest. During a follow-up examination on August 31, 2016, Physician's Assistant Bien ordered Naproxen for plaintiff's pain and advised him to rest and avoid any heavy lifting. (Bien Aff. ¶¶ 3-8, ECF No. 12-1, PageID.91-92; ECF No. 12-2, PageID.101-07).

On October 17, 2016, Physician's Assistant Bien examined plaintiff. She requested approval for physical therapy. Dr. Papendick approved one physical therapy visit for plaintiff to learn the exercises, allowing plaintiff to continue to perform them when he returned to prison. (Bien Aff. ¶¶ 9-10, PageID.92; Papendick

Aff. ¶ 8, PageID.296). On November 8, 2016, a physical therapist gave plaintiff his exercise instructions. (ECF No. 12-2, PageID.136-37; Plf. Aff. ¶¶ 11-12, PageID.308).

On November 9, 2016, Physician's Assistant Bien requested approval for an orthopedic examination. On November 10, 2016, Dr. Papendick recommended an alternative treatment plan because an orthopedic examination was not medically necessary. Plaintiff did not have an orthopedic issue in need of intervention at that time.[1] (Bien Aff. ¶¶ 11-12, PageID.92-93; Papendick Aff. ¶¶ 9-10, PageID.296-97). Dr. Papendick had no further involvement in plaintiff's medical care. (Papendick Aff. ¶ 11, PageID.297).

Plaintiff continued to receive medical treatment. On November 15, 2016, Physician's Assistant Bien advised plaintiff that she would not continue authorization for a sling beyond November 22, 2016, because it was not medically necessary. (ECF No. 12-2, PageID.146; Bien Aff. ¶¶ 13-14, PageID.93).

On April 6, 2017, Jon Decker, D.O., examined plaintiff. He ordered x-rays of plaintiff's right shoulder, which revealed mild arthritic changes. On June 8, 2017, plaintiff received the steroid and Toradol injections for pain relief. When plaintiff reported that he "stopped feeling relief," he received prescription pain medication. (ECF No. 12-2, PageID.160-74; Plf. Aff. ¶ 10, PageID.308).

---

[1] "Whether to pursue surgery or conservative management when caring for a patient with a biceps rupture remains a subject of debate in the medical literature. There are no studies that demonstrate the superiority of one approach over the other." (ECF No. 28-2, PageID.299).

Plaintiff can perform fewer pushups and pullups than before his injury. He is unable to play baseball, and he has difficulty sleeping. (Plf. Aff. ¶¶ 2-9, PageID.307-08).

## Discussion

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the Court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard: a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. "The plaintiff must show both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence." *Rhinehart v. Scutt*,

894 F.3d 721, 737 (6th Cir. 2018).   No reasonable trier of fact could find in plaintiff's favor on either component of Eighth Amendment claims against Dr. Papendick.

"The objective component requires a plaintiff to prove that the alleged deprivation of medical care was serious enough to violate the Eighth Amendment." *Id.* at 737.   Plaintiff claims that the treatment he received was inadequate or unreasonably delayed.   Thus, he was required to "present enough evidence for a factfinder to evaluate the adequacy of the treatment provided and the severity of the harm caused by the allegedly inadequate treatment" and " 'medical proof that the provided treatment was not an adequate medical treatment of [the inmate's] condition or pain.' "   *Id.* (quoting *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013).   "The plaintiff also must place verifying medical evidence in the record to establish the detrimental effect of the inadequate treatment."   *Id.* at 738 (citation and quotation omitted).   Plaintiff did not present medical evidence that Dr. Papendick's decision against authorizing an orthopedic examination or surgery was medically inappropriate or that any delay in receiving the desired surgical treatment caused him injury.

The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness.   An official "cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]"   *Id.* at 837.   "A doctor is not liable under the Eighth Amendment if he or she provides reasonable treatment, even if the

-7-

outcome of the treatment is insufficient or even harmful." *Rhinehart v. Scutt*, 894 F.3d at 738. The judgments of medical professionals are entitled to deference. *Id.* The subjective component presents "a high bar that a plaintiff must clear to prove an Eighth Amendment medical needs claim: The doctor must have *consciously exposed* the patient to an *excessive risk* of *serious* harm." *Id.* (citation and quotation omitted).

The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted).

"An inmate's disagreement with the testing and treatment he has received does not rise to the level of an Eighth Amendment violation. Nor does a desire for additional or different treatment suffice to support an Eighth Amendment claim." *Rhinehart v. Scutt*, 894 F.3d at 740 (citations and quotations omitted). "A disagreement with a course of medical treatment does not rise to the level of a federal constitutional claim under the Eighth Amendment." *Id.* at 744. Where a prisoner has received some medical attention and the dispute is over the adequacy of the

treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims that sound in state tort law.  *Id.* at 753.

Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs.  The record shows that Dr. Papendick displayed no deliberate indifference.  The claims that defendant "should have" provided him with "different" medical care are, at best, state-law malpractice claims.

### Recommended Disposition

For the reasons stated herein, I recommend that the Court grant defendant's motion for summary judgment (ECF No. 28) and enter a judgment in his favor on all plaintiff's claims.

Dated:   February 1, 2019                /s/   Phillip J. Green
                                         PHILLIP J. GREEN
                                         United States Magistrate Judge

### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).