UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR SUMERLIN, III, #498164,　　　　　)
　　　　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　　No. 1:17-cv-459
-v-　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　　Honorable Paul L. Maloney
KEITH PAPENDICK,　　　　　　　　　　)
　　　　　　　　　　Defendant.　　　　　)
_____)

## ORDER  ADOPTING REPORT AND RECOMMENDATION
## AND
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Arthur Sumerlin is a prisoner under the control of the Michigan Department of Corrections.  He filed a lawsuit asserting an Eighth Amendment claim based on the denial of surgery for a ruptured bicep tendon.  Defendant Papendick filed a motion for summary judgment.  (ECF No. 28.)  The magistrate judge issued a report recommending the motion be granted.  (ECF No. 38.)  Sumerlin filed objections.  (ECF No. 39.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Having carefully reviewed the record, Sumerlin's objection is overruled. Defendant established that the medical community has not determined which course of treatment is preferred for ruptured biceps, surgery or a more conservative approach. Following from that conclusion, the magistrate judge recommended finding that Sumerlin could not establish a constitutional violation. In his objection, Sumerlin points to evidence in his response from one doctor who recommends surgery for ruptured biceps. When viewed in light of Defendant's evidence, a scholarly article published in the Journal of Family Practice, Sumerlin's evidence merely presents one of two opposing views on the recommended medical treatment. The evidence does not establish that the treatment he received amounts to a violation of the Eighth Amendment. Neither does the evidence establish a genuine issue of material fact. In this case, it is the lack of medical consensus about the course of treatment that requires the Court to grant Defendant's motion.

For these reasons, the Report and Recommendation (ECF No. 38) is **ADOPTED** ass the Opinion of this Court. Defendant's motion for summary judgment (ECF No. 28) is **GRANTED.**

**IT IS SO ORDERED.**

Date:  February 22, 2019            /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    United States District Judge